IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-1945-RBJ-KLM

THOMAS SMITH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
STERLING CORRECTIONAL FACILITY,
ARASTIDE [sic] W. ZAVARAS,
KEVIN MILYARD, Warden at Sterling Correctional Facility
JANICE JONES, Colorado Department of Corrections Sergeant
JESSE LOVELACE, Colorado Department of Corrections Officer

    Defendants,

---

### PROPOSED PROTECTIVE ORDER

---

Upon a ~~showing of good cause in support of~~ *request of the parties for* the entry of a protective order to restrict materials and information disclosed to the Plaintiff that are deemed confidential and should be protected from disclosure based on the security interest of the Colorado Department of Corrections (CDOC), IT IS ORDERED:

  1. This Protective Order shall apply to:

SCF IR 335460, 12-16-09, security camera video of Living unit 8 C to
Audio of Fact Finding Hearing, Security Breach, Seg 12/16/09, Hearing 12/18/09
DS400015.WMA  - re Lovelace
DS400016.WMA  - re J. Jones
DS400017.WMA – re S. Hoff
DS400018.WMA - re B. Manning
DS400019.WMA- re A. Ummel
DS400020.WMA – re G. Myers
DS400021.WMA – re Inmate Smith
DS400022.WMA- re Lt. Weeder

hereinafter referred to collectively as "confidential information."

  2. The confidential information or discussion of the confidential information shall not be disclosed or used for any purpose except as an attachment to a pleading or for preparation for trial in this case.

  3. If the confidential information is used in connection with a motion or application to the Court, it shall be filed under seal consistent with D.C.COLO LR 7.2, and shall remain under seal so long as the confidential information retains the  designation CONFIDENTIAL;

  4. The confidential information shall not be disclosed to any individual except that such information may be disclosed to the Court, attorneys, KLM

including paralegals, law clerks and secretaries actively working on this case;

5. Counsel also agrees that counsel will advise, instruct and supervise all associates, staff and employees of counsel to keep the information confidential in the strictest possible fashion.

6. Plaintiff's counsel is prohibited from showing or discussing the confidential information with Plaintiff at any time now or in the future.

7. If counsel file any pleading that discuss the contents of or contain copies of the confidential information, such restricted materials and pleading shall not be distributed to Plaintiff.

8. Whenever a deposition involves the disclosure of and discussion of the Confidential Document, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be sealed and subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. At the conclusion of this case, unless other arrangements are agreed upon, the confidential information and all copies thereof shall be returned to the Defendants' counsel.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Entered an ORDER of this Court this _14th_ day of _March_, 2012.

_____
Magistrate Judge Kristen L. Mix

4