IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01945-RBJ-KLM

THOMAS SMITH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
STERLING CORRECTIONAL FACILITY,
ARASTIDE [sic] W. ZAVARAS,
KEVIN MILYARD, Warden at Sterling Correctional Facility,
JANICE JONES, Colorado Department of Corrections Sargent [sic], and
JESSE LOVELACE, Colorado Department of Corrections Officer,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Dismiss** [Docket No. 10; Filed September 16, 2011] and **Plaintiff's Motion to Amend the Complaint and File Plaintiff's Amended Complaint** [Docket No. 16; Filed October 7, 2011]. The Motions are referred to this Court for disposition [Docket No. 34; Entered May 4, 2012].

**I.   Motion to Amend the Complaint**

Pursuant to Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course" within 21 days after service of a Rule 12(b) motion. Plaintiff submitted his Amended Complaint within 21 days after service of Defendants' Rule 12(b) motion; thus he is entitled to amendment as a matter of course. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Amend the Complaint and File Plaintiff's Amended Complaint [#16] is **GRANTED**. The Clerk of Court is directed to enter

1

the Amended Complaint located at Docket No. 16, pp. 2-15, effective as of the date of this Order and Recommendation.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint on or before **June 5, 2012**.

## II.     Motion to Dismiss

Regarding Defendants' Motion to Dismiss, the filing of an amended complaint does not always moot a motion to dismiss. "If some of the defects raised in the original motion [to dismiss] remain in the new pleading, the court simply may consider the motion [to dismiss] as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." 6 Arthur R. Miller and Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (citation omitted); *but cf. Schwartz v. Booker*, No. 09-cv-00915-WJM-KMT, 2011 WL 2560016, at *2 (D. Colo. June 28, 2011) (finding that the amended complaint superceded the original complaint, thus mooting the motion to dismiss filed in response to the original complaint pursuant to Fed. R. Civ. P. 12(b)(6)). As further explained below, Defendants' Motion to Dismiss is premised on jurisdictional challenges to Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1). The same challenges remain applicable to Plaintiff's Amended Complaint.

### A.     Procedural History

In his original Complaint, Plaintiff brought one claim for relief pursuant to 42 U.S.C. § 1983, against the Colorado Department of Corrections ("CDOC"), Sterling Correctional Facility ("SCF"), Defendants Zavaras and Milyard in their official capacities only, and Defendants Jones and Lovelace in their individual and official capacities. [#1] at 5. Plaintiff requested monetary damages as relief. *Id.* at 12.

Defendants responded to the original Complaint with an Answer [#9] and the Motion

to Dismiss at issue [#10]. Defendants ask the Court to dismiss Defendants CDOC, SCF, Zavaras, and Milyard, as well as the official capacity claims against Defendants Jones and Lovelace, on the basis that the Eleventh Amendment precludes Plaintiff's claim for money damages. *See* [#10].

Plaintiff responded to the Motion to Dismiss on October 7, 2011, contemporaneously with his Motion to Amend. *See* [#15]. Plaintiff contends that the Amended Complaint cures the deficiencies raised by the Motion to Dismiss. *See id.* The Amended Complaint, also brought pursuant to 42 U.S.C. § 1983, identifies the same Defendants, but clarifies the request for relief. *See* [#16] at 13-14. Plaintiff now seeks injunctive relief from "the state entity Defendants" and Defendants Jones and Lovelace in their official capacities, and money damages from only Defendants Jones and Lovelace, in their individual capacities. *Id.* Defendants Zavaras and Milyard are not mentioned in the request for relief. *See id.*

Defendants assert that the Amended Complaint does not cure the deficiencies identified in the Motion to Dismiss. *See Reply in support of Motion to Dismiss*, [#17]; *Response to Motion to Amend*, [#18]. Defendants emphasize that the Eleventh Amendment precludes Plaintiff from suing Defendants CDOC, SCF, and the individually-named Defendants in their official capacities pursuant to 42 U.S.C. § 1983. [#17] at 2. Thus, Defendants ask the Court to dismiss CDOC, SCF, and Defendants Zavaras and Milyard (on entry of the Amended Complaint). *Id.* at 3. Defendants further note that Defendants Zavaras and Milyard are not longer employed by the CDOC in the official capacities identified by Plaintiff (*i.e.*, as Executive Director of the CDOC and Warden of SCF, respectively). [#18] at 2.

In his Reply in support of his Motion to Amend, Plaintiff concedes dismissal of Defendants Zavaras and Milyard, but indicates his intent to sue the current Executive

3

Director of the CDOC and Warden of SCF in their official capacities. [#21] at 1-2. Plaintiff states that he would file a Second Amended Complaint seeking injunctive relief against the entity Defendants and the individually-named Defendants in their official capacities, and money damages against Defendants Jones and Lovelace in their individual capacities. *Id.* at 2-3.

### B.  Analysis

#### 1.  Defendants CDOC and SCF

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). The Eleventh Amendment protections extend "to state agencies functioning as an arm of the state." *Id.* (citation omitted). Eleventh Amendment immunity may be waived, by an Act of Congress, or by a state, "through a clear expression of its intent to waive." *Id.* at 780-81. 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, and the State of Colorado has not waived its immunity on behalf of the CDOC. *See id.* at 781 (citations omitted). Thus, Plaintiff's Section 1983 claim against Defendants CDOC and SCF is barred as a matter of law. The Court recommends that Defendants' Motion to Dismiss be granted to the extent that Defendants CDOC and SCF should be dropped as defendants to this lawsuit for lack of subject matter jurisdiction.

#### 2.  Defendants Zavaras, Milyard, Jones, and Lovelace in Their Official Capacities

"Suits against state officials in their official capacity should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473

4

U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983). Thus, pursuant to the Eleventh Amendment, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the state of Colorado, its agencies, or its officials in their official capacities. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). However, the doctrine of sovereign immunity does not bar "a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1980)). Therefore, although Plaintiff may not sue the individually-named Defendants in their official capacities for money damages or for injunctive relief for prior acts, Plaintiff may sue the individually-named Defendants in their official capacities for prospective injunctive relief only.[1] *See Hunt*, 271 F. App'x at 781. The Court thus recommends that Defendants' Motion to Dismiss be granted to the extent that Plaintiff's request for non-prospective injunctive relief (*i.e.*, a declaratory judgment regarding past alleged wrongs) be dismissed without prejudice for lack of subject matter jurisdiction.

### III. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Defendants' Motion to Dismiss [#10] be **GRANTED IN PART** and **DENIED IN PART**;

IT IS FURTHER **RECOMMENDED** that Plaintiff's claim against Defendants CDOC, SCF, Milyard, and Zavaras be **DISMISSED WITHOUT PREJUDICE** for lack of subject

---

[1] Defendants do not challenge Plaintiff's claim for money damages against Defendants Lovelace and Jones in their individual capacities on jurisdictional grounds. *See* [#10].

matter jurisdiction, and these Defendants be **DROPPED** from this lawsuit;[2] and

IT IS FURTHER **RECOMMENDED** that Plaintiff's claim for declaratory judgment, *Am. Compl.*, [#16] at 13, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 14, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] Plaintiff concedes dismissal of Defendants Zavaras and Milyard. See [#21] at 1-2.